**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DANIELLE LATRICE TUCKER,**

**Plaintiff,**

**v.** **Civil Action 2:25-cv-1157**

**Magistrate Judge Kimberly A. Jolson**

**AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,**

**Defendant.**

## OPINION & ORDER

Before the Court is Defendant American Bankers Insurance Company of Florida's Motion to Compel Discovery Responses (Doc. 39) and Supplemental Memorandum to its Motion to Compel (Doc. 50). The Motion is **DENIED as moot** because this case is **DISMISSED with prejudice** for Plaintiff's failure to prosecute.

## I. BACKGROUND

Plaintiff, *pro se*, filed the instant action against Defendant alleging hostile work environment and retaliation claims under Title VII of the Civil Rights Act of 1964. (Doc. 4). As alleged, Plaintiff claims that she was harassed and discriminated against because Defendant gave her a replacement computer instead of addressing her IT issues, forced to take unpaid leave, and roadblocked her from obtaining benefits. (Doc. 4 at 2–3). On July 8, 2025, Plaintiff filed a complaint with the EEOC about those issues. (*Id.* at 2). But just over two weeks later, Defendant terminated her employment. (*Id.*). Plaintiff alleges the termination was in retaliation of her EEOC claim. (*Id.*).

Following the pleadings, the parties engaged in discovery. It quickly became clear that Plaintiff struggled with her litigation obligations. She engaged in inappropriate communications

with the Court (*see, e.g.*, Doc. 17), and filed a sundry of improper or irrelevant letters and notices (*see, e.g.*, Docs. 19, 20, 21, 23, 24, 38, 37). Then, on May 19, 2026, Defendant filed a Motion to Compel (Doc. 39), stating that Plaintiff had not responded to any of its discovery requests even after it sent her a deficiency letter. In conjunction with this request, the Court ordered Plaintiff to participate in the discovery process as required by Rules 33(b) and 34(b)(2) and to respond to Defendant's First Set of Interrogatories and First Set of Requests for Production by July 31. (Doc. 42 at 2–3). The Court warned Plaintiff that if she continued to shirk her discovery responsibilities, her case could be dismissed for want of prosecution. (*Id.*).

In response, Plaintiff sought an extension of time to respond to the discovery requests (Doc. 45), which the Court granted (Doc. 46 at 2). In doing so, the Court cautioned Plaintiff that this was her final opportunity to comply with her discovery obligations and failure to do so could result in her case being dismissed. (*Id.*). The Court also permitted Defendant to supplement its Motion to Compel if needed. (*Id.*). On September 11, Defendant did so. (Doc. 50). Defendant stated that Plaintiff's discovery responses remained deficient. And though it explained the deficiencies to Plaintiff, she still had not provided substantive responses. (*Id.* at 3–10). Defendant requested the Court to dismiss the complaint with prejudice since—without discovery—it is unable to defend itself. In the alternative, Defendants asked the Court to compel Plaintiff to respond fully to the discovery requests without objections, and award Defendant reasonable costs and attorneys' fees incurred in making its Motion to Compel. (*Id.*).

Plaintiff then filed a notice stating that she sent the required amended discovery responses and that she is "doing [her] best to provide all the details [she] has." (Doc. 52 at 1). But, according to Defendant, that is not true. In fact, to date, Plaintiff has not supplemented her deficient interrogatory responses, and she has not produced anything meaningful in response to Defendant's

requests for production of documents. (Doc. 54 at 5 ("Plaintiff has either: (i) not produced documents responsive to the above identified Requests at all; (ii) not identified which documents she produced which she believes are responsive to these Requests; (iii) not affirmed that she has provided all documents responsive to these Requests; or (iv) not affirmed that there are no additional records responsive to these Requests.")). Accordingly, Defendant is still pursuing the Motion to Compel because it "needs clarity and finality and cannot defend against a claim that includes an unknown universe of documents and information." (*Id.* at 5–6).

The matter is fully briefed and ready for consideration. (Docs. 39, 50, 52, 54).

## II. STANDARD

Several federal rules matter here. Federal Rule of Civil Procedure Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Other Federal Rules detail the methods to obtain that discovery. Rule 33 allows parties to serve on any party up to 25 written interrogatories, and Rule 34 permits parties to request that another party produce documents or electronically stores information. Fed. R. Civ. P. 33, 34. Rule 37 allows for a party seeking discovery to move for an order to compel that discovery. Fed. R. Civ. P. 37(a)(1). Finally Rule 37(b) authorizes courts to order sanction, including dismissal, for failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v).

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119

(N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound, Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's complaint with prejudice based on her consistent refusal to participate in discovery. Alternatively, it asks the Court to order Plaintiff to produce the outstanding discovery to which it is entitled and to impose monetary sanctions. The Court finds that this case should be dismissed and does not need to reach Defendant's alternative request.

Four factors are to be considered in determining whether dismissal is an appropriate sanction for failure to comply with a discovery obligation or other court order:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (citation omitted). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct . . . . Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Id.* (citations and quotations omitted).

First, to show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Id.* at 838 (citing *Carpenter v. City of Flint,* 723 F.3d 700, 705 (6th Cir. 2013) (alteration in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005))). And though courts "give *pro se* litigants a certain amount of leeway in prosecuting their cases—for example, their pleadings are liberally construed—they are

not excused from complying with the applicable Court Rules, and they are certainly expected to comply fully with the Court's orders." *Asamoah v. Amazon.com Servs., Inc.*, No. 2:21-CV-00003, 2024 WL 691355, at *2 (S.D. Ohio Feb. 20, 2024) (quoting *O'Dell v. Kelly Servs., Inc.*, 334 F.R.D. 486, 491 (E.D. Mich. 2020).

Here, despite the Court's warnings of the consequences of failing to respond to Defendant's discovery requests and having been given multiple opportunities to do so, Plaintiff has not responded to Defendant's first set of interrogatories or meaningfully responded to requests for document production.

Plus, Plaintiff has violated the Local Rules and Federal Rules of Civil Procedure numerous times by filing email exchanges and letters between her and opposing counsel via email and filing discovery responses directly to the docket. (Docs. 17, 18, 25, 46). In fact, Plaintiff notified the Court of her intention to "check in weekly via phone call or mail" because she has been under "constant retaliation," and Plaintiff did contact the Court at all hours via phone, email, and mail. (*See, e.g.*, Docs. 19, 20, 21). So much so that the Court ordered Plaintiff to stop contacting the Court via email or via improper filings. (Doc. 25 ("Finally, it should be noted that Plaintiff has a history of forwarding email chains to the Court's email address, often in the middle of the night. (See Doc. 17). The Court twice ordered her to stop doing so, and Plaintiff is REMINDED that those Orders still stand. (*Id.*; Doc. 19). . . . Failure to comply may result in other consequences, including sanctions.")).

On its face, Plaintiff's numerous filings may appear that she is trying to comply with discovery, though incorrectly. Yet, even when the Court gave her that benefit of the doubt, her responses to Defendant were still insufficient. (Doc. 46 at 1–2 (though striking Plaintiff's responses from the docket, the Court supplied that it does not prevent them from being effective

and giving her an extension of time given her efforts to comply)). Further, even after being given an extension of time for over an additional month, Plaintiff continued to supply responses like, "I need more time to gather these details (Some of details may have already been provided as well)" or "Despite my circumstances I will do my best to provide as many details as I can." (Doc. 44-1 at 36–38; Doc. 50 at 5). Additionally, Plaintiff's "Amended Responses to Defendant's Requests" only indicates that she "will produce" the document to every request and that she is doing her best to provide all the details she has. (Doc. 52 at 1, 2–7). But discovery was supposed to conclude on October 23. So, Plaintiff continues to push off meaningfully producing fundamental information and documents thwarting Defendant's ability to build its case, just as she has done throughout this case. In sum, Plaintiff's unwillingness to respond to Defendant's discovery requests, despite now having four months to do so, thwarts judicial proceedings. She has effectively brought this case to a standstill. The Court concludes Plaintiff has a reckless disregard for the effect of her conduct on the proceedings, at the very least. Consequently, this factor weighs in favor of dismissal.

Second, Plaintiff's conduct has prejudiced Defendant. Despite Defendant's good faith efforts to obtain discovery, it has been unable to do so because Plaintiff consistently has refused to respond sufficiently to discovery requests. (Doc. 50 at 8 (noting that in response to Plaintiff's email request for what is needed before the deadline, Defendant responded by "providing an explanation of how her Discovery Responses remained deficient, reiterating the points made in the July 27 deficiency letter in that Plaintiff did not provide any substantive answers to Defendant's interrogatories, and what she needed to do to cure the deficiency"); Doc. 50 at 9 ("Despite receiving no response, and after Plaintiff filed Defendant's confidential settlement communication with the Court, in a final effort to avoid seeking judicial intervention, Defendant wrote to Plaintiff on September 2, 2026, providing Plaintiff one last chance to provide meaningful and compliant

Discovery Responses, including providing detailed explanations of how her prior Responses were non-compliant.”)).

As the docket illustrates, Defendant has given Plaintiff many extensions to comply with discovery obligations and has had to respond to Plaintiff's miscellaneous—and at times inappropriate—filing with the court. (Doc. 44 at 1–2 (responding to Plaintiff's letter and other documents filed on the docket but stating that Defendant would not oppose a reasonable extension of time so long as Plaintiff uses it to provide meaningful responses to its discovery requests it sent over four and a half months prior); Doc. 41 (opposing Plaintiff's motion to proceed with the case through the courts but not objecting to a conference if that's what Plaintiff wants)). Plaintiff's repeated noncompliance and constant filings without producing discovery have forced Defendant to move to compel and to later supplement its motion with a dismissal request. (Docs. 39, 50). The prejudice here is clear, if not egregious. So, this factor also weighs in favor of dismissal.

Third, prior notice, or the lack thereof, is a key consideration in determining whether dismissal is warranted. *Mager*, 924 F.3d at 837. The Court has repeatedly, expressly, and unambiguously warned Plaintiff about the possibility of sanctions including dismissal of this case, if she did not comply with her discovery obligations. (*See, e.g.*, Docs. 42 at 2–3 (“Plaintiff is warned that if she continues to shirk her discovery obligations, the Court will not hesitate to dismiss her claim for want of prosecution and award appropriate fees and costs to Defendant”); Doc. 46 at 2 (“Plaintiff is cautioned that this is her final opportunity to comply with her discovery obligations and failure to do so could result in her case being dismissed.”)). Thus, Plaintiff cannot claim lack of notice here, and this factor clearly favors dismissal.

Finally, the Court is required to explain “whether less drastic sanctions were imposed or considered before dismissal was ordered.” *Mager*, 924 F.3d at 837. The Sixth Circuit has never

held that a court cannot dismiss a complaint "as the first and only sanction." *See, e.g.*, *Buck v. U.S. Dep't of Agric., Farmers Home Admin.,* 960 F.2d 603, 608–09 (6th Cir.1992); *Coston v. Detroit Edison Co.,* 789 F.2d 377, 378–79 (6th Cir.1986) (*per curiam*). Dismissal with prejudice may be appropriate even if the court does not consider lesser sanctions, especially where there is a record of contumacious conduct. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Given that Plaintiff has had multiple opportunities to avoid the harsh sanction of dismissal but refused to comply with the Court's orders, a dismissal based on the record is justified. Further, the Court finds it unlikely that requiring Plaintiff to pay attorney fees for her dilatory acts would be less severe than dismissal since Plaintiff has minimal assets and was granted leave to proceed with this litigation without prepayment of fees. *Brown v. Spherion*, No. 3:10 CV 0962, 2011 WL 3648640, at *3 (N.D. Ohio July 19, 2011), *report and recommendation adopted*, 3:10 CV 962, 2011 WL 3610089 (N.D. Ohio Aug. 17, 2011) (holding that attorneys' fees would likely be a more severe sanction where plaintiff was granted leave to proceed *in forma pauperis*). Simply put, no sanction other than dismissal is appropriate in these circumstances.

Considering the factors and the entire record in this case, the Court finds that dismissal is warranted, as each of the factors weighs in favor. The Court further dismisses this case with prejudice. Dismissal with prejudice "is justifiable in any case where there is a clear record of delay or contumacious conduct." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004). And although courts prefer to adjudicate claims on their merits, "dismissal [with prejudice] is appropriate when a pro se litigant has engaged in a clear pattern of delay," especially when the "district court was generous in granting extensions which [the litigant] failed to utilize." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also Black v. Comm'r Soc. Sec.*, No. 11-13651, 2012 WL 2946318, at *1 (E.D. Mich. May 22, 2012) (collecting cases showing that "prevailing

practice throughout this circuit" is to dismiss with prejudice for failure to prosecute when a plaintiff fails to abide by court-ordered deadlines). While the result may be harsh, as described above, "the Court lacks other appropriate, less drastic sanctions at this time." *Northcutt v. Tenn. Dep't of Treasury*, No. 3:21-cv-00823, 2022 WL 1056419, at *4 (M.D. Tenn. Apr. 8, 2022) (quoting *In re Love*, 3 F. App'x 497, 498 (6th Cir. 2001)). The Court has provided numerous opportunities for Plaintiff to comply with discovery and warnings of the consequences for failure to comply. The Court—and seemingly Defendant—are at a loss for what more can be done to ensure Plaintiff litigates her case. At the end of the day, the Court cannot be Plaintiff's counsel nor is it under an obligation to appoint her one. *Inman v. Madison Cnty. Jail*, No. 1:22-cv-01158-SHM-tmp, 2022 WL 23080467, at *1 (W.D. Tenn. Dec. 14, 2022) ("The Court cannot act as counsel for Plaintiff."); *see* Pliler v. Ford, 542 U.S. 225, 231 (2001) (District Courts "have no obligation to act as counsel or paralegal" to pro se litigants.). And dismissal with prejudice is appropriate.

## IV. CONCLUSION

For the foregoing reasons, this case is **DISMISSED with prejudice** under Rule 41(b) for failure to prosecute. As a result, the Motion to Compel (Docs. 39, 50) is **DENIED** without prejudice as moot. The Clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

Date: November 5, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE